**Ronald L. JORDAN, Plaintiff-Appellant,**

v.

**Travis JONES, Sgt. B. Worthy, and Lt. Matthew Hensley, Defendants-Appellees.**

No. 79–1480.

United States Court of Appeals, Sixth Circuit.

Submitted June 16, 1980.

Decided July 17, 1980.

Ronald L. Jordan, Jackson, Mich., for plaintiff-appellant.

Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., for defendants-appellees.

Before EDWARDS, Chief Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PER CURIAM.

This is a pro se appeal by appellant Jordan from the action of the District Court dismissing his civil rights action under § 1983. Judge Joiner held on uncontested facts that defendant's motion under Federal Rule of Civil Procedure 12(b)(5) should be granted since appellant's complaint failed to state a claim under which relief could be granted.

Essentially, plaintiff asserted that he was subjected to three days of "top-lock" isolation as a penalty for failing to stop playing cards when ordered to do so by a corrections officer at the State Prison of Southern Michigan. His complaint sought $50.00 of compensatory damages for each day of confinement to his cell. He also sought punitive damages of $150,000 against the corrections officer who brought the charge and the hearing officer who found him guilty of disobeying a direct order and ordered the penalty of three days of "top-lock" confinement with credit for the three days already served.

We believe that the holding of *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) serves to bar any cause of action for plaintiff in relation to his due process claims pertaining to the hearing ófficer. Further, the three days separation of plaintiff from the prison population and its normal privileges while re-

stricted to his own cell, do not present a federal constitutional issue. See *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

The judgment of the District Court is affirmed.