**Alford CUNNINGHAM, Plaintiff-Appellant,**

v.

**Russell JONES, Jailer; Hershel King, Deputy Jailer; Ed Luttell, Deputy Jailer, Defendants-Appellees.**

No. 80–3433.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 4, 1981.

Decided Jan. 8, 1982.

Oliver Barber, Jr., Louisville, Ky., for plaintiff-appellant.

E. W. Rivers, Paducah, Ky., for defendants-appellees.

Before EDWARDS, Chief Circuit Judge, ENGEL, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

Appellant Cunningham originally brought this § 1983 action in 1972 alleging that defendant jailers had violated his constitutional rights under the Eighth Amendment by serving him only one meal a day for 15 consecutive days during the month of April 1967.

The District Court had dismissed the action, holding that the facts alleged, if true, did not constitute cruel and unusual punishment. This court vacated and remanded for the District Court to determine "whether the one meal actually provided to Cunningham was sufficient to maintain normal health." As to this issue the majority of the court placed the burden of proof on the defendants.

On remand the case was heard, apparently without objection, on depositions only and without plaintiff's counsel being present at the deposition. The only actual relevant evidence provided was that of the jail cook, who apparently testified with considerable enthusiasm for her cooking and estimated the caloric content of the noon meals at between 2,000 to 2,500 calories. Newly appointed counsel for plaintiff offered no evidence, stating that his client had already said "all of the things he would say."

The District Judge then dismissed the claim, finding that the one meal a day furnished was sufficient to maintain normal health for the 15 days involved.

The judgment of the District Court, 567 F.2d 653, is affirmed.

John W. PECK, Senior Circuit Judge, concurring.

In a separate concurrence to the opinion filed following this panel's first consideration of this case, by agreeing to the remand to the district court, I at least inferentially concurred in the conclusion that upon a proper showing the "burden of proof" would shift to defendants. Unfortunately, "[t]he term 'burden of proof' may well be an ambiguous term connoting either the burden of going forward with the evidence, the burden of persuasion, or both." *Wilson v. Omaha Indian Tribe*, 442 U.S. 653, 669, 99 S.Ct. 2529, 2539, 61 L.Ed.2d 153 (1979). I am now of the view that use of the phrase "burden of proof" was improvident, and that the more appropriate phrase would have been the "burden of next proceeding" or the "burden of going forward." At the time this case was previously before us it was neither suggested nor contemplated that evidence of the caloric contents of the once-a-day meals simply does not exist. I am of the opinion that the depositions failed to produce any admissible relevant evidence, and with all due respect to the district judge and to the majority opinion, that the findings of fact lack support in the record. Thus, although defendants failed to sustain "the burden of proof," they did

"next proceed" (or "go forward"). In such situation, where the record continues to be void of evidence of an essential element of the plaintiff's case, the plaintiff must be non-suited. I would affirm the judgment of the district court on that ground.