780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
JERRY PERKINS, Plaintiff-Appellant,
v.
OFFICER DANVERS; OFFICER MOREHEAD, Defendants-Appellees.
 85-3135
 United States Court of Appeals, Sixth Circuit.
 11/8/85
 
 AFFIRMED
 S.D.Ohio
 ORDER
 BEFORE: LIVELY, Chief Judge; and MERRITT and CONTIE, Circuit Judges.
 
 
 1
 This Ohio plaintiff moves the Court to appoint counsel in his appeal from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983.
 
 
 2
 Suing two corrections officers and seeking injunctive and monetary relief, plaintiff alleged that the defendants threatened him with forty-five days of solitary confinement unless he ate a meal which the plaintiff insisted contained pork. The plaintiff, a Seventh Day Adventist whose religious beliefs prohibit him from eating pork, said he would not eat the meal despite the defendants' insistence that the meal was pork-free. When another officer agreed with the plaintiff that the meat on the tray was pork, the pork was removed from the tray and a non-pork item was substituted for it. The plaintiff still refused to eat his meal, however, because the bread on the plate contained remains of the pork. Apparently, despite plaintiff's request for a new tray, no further substitution for the meal was made by the defendants.
 
 
 3
 Upon review of the defendants' motion to dismiss, the district court dismissed the plaintiff's suit for failure to state a constitutional violation.
 
 
 4
 Upon a liberal construction of the plaintiff's claims made in the district court and of his arguments presented on appeal, this Court concludes that the plaintiff's suit was properly dismissed because his suit alleging a single incident of a minor intrusion on his pork-free diet simply did not arise to a level of constitutional magnitude. See Bell v. Wolfish, 441 U.S. 520, 562 (1979); Brown v. Johnson, 743 F.2d 408, 413 (6th Cir. 1984), cert. denied, 105 S. Ct. 1190 (1985); Jordan v. Jones, 625 F.2d 750 (6th Cir. 1980) (per curiam). There is no reason to believe that the plaintiff could not have stayed in good health consistent with his religious beliefs by eating the remaining non-pork items on his food tray. The Constitution does not require individually prepared meals for prisoners, but only a diet sufficient to keep them in good health without violating their religious beliefs. Cunningham v. Jones, 667 F.2d 565 (6th Cir. 1982) (per curiam); Kahane v. Carlson, 527 F.2d 492 (2d Cir. 1975); Ross v. Blackledge, 477 F.2d 616 (4th Cir. 1973). This was accomplished in this case.
 
 
 5
 Furthermore, plaintiff's allegations of threatening behavior by the defendants also failed to state a cause of action because no actual constitutional violation followed the threats or otherwise occurred in this case. See Macko v. Byron, 760 F.2d 95, 97 (6th Cir. 1985) (per curiam).
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.