892 F.2d 1046
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank GONZALES, Plaintiff-Appellant,
v.
Danny MARTINEZ, et al., Defendants-Appellees.
 No. 86-15045.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1989.*
Decided Jan. 10, 1990.
 
 Before FERGUSON, CYNTHIA HOLCOMB HALL and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Frank Gonzales appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim before service of the complaint on the defendants. Gonzales contends that prison officials at the Arizona State Prison at Florence refused to keep him safe from threats of physical attack by not allowing him to eat meals in his cell, and failed to provide him adequate nutrition. We have jurisdiction, 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.
 
 
 3
 * We review de novo a district court's dismissal of an action as frivolous under 28 U.S.C. § 1915(d).[1] Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987). A complaint filed in forma pauperis will be dismissed under § 1915(d) only if it lacks arguable substance in law or in fact because the claims: (1) recite bare legal conclusions; (2) are redundant or barred by res judicata; (3) are founded on wholly fanciful factual allegations; or (4) are subject to a defense which is complete and obvious from the face of the pleading or the court's own records. See Hernandez v. Denton, 861 F.2d 1421, 1425-26 (9th Cir.1988), vacated and remanded on other grounds, 110 S.Ct. 37 (1989); see also Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984). A complaint "is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim." Neitzke v. Williams, 109 S.Ct. 1827, 1834 (1989). Section 1915(d) allows judges to dismiss claims based on an "indisputably meritless legal theory" or on "clearly baseless" factual contentions. Id. at 1833. Accord Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 A court should liberally construe pro se civil rights pleadings, affording the plaintiff the benefit of any doubt. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). A pro se complaint may be dismissed without leave to amend only if it is absolutely clear that the complaint's deficiencies cannot be cured by amendment, Hernandez, 861 F.2d at 1423; and when dismissing a pro se complaint, the district court should advise the plaintiff of the complaint's deficiencies. Noll, 809 F.2d at 1449.
 
 II
 
 5
 Gonzales based his § 1983 claim against guards Martinez and Kelly upon the eighth amendment. First, he alleged that those guards failed to take reasonable measures to provide for his safety in the prison. Second, he alleged that their refusal to let him take breakfast and lunch in the safety of his prison cell amounted to cruel and unusual punishment. We consider these claims in turn.
 
 
 6
 * Gonzales alleged that guards Martinez and Kelly were deliberately indifferent to his safety at the hands of guard Aguilar and Captain Cordova. He claimed that he feared any confrontation with guard Aguilar because he would then be beaten by other guards. Moreover, he considered Captain Cordova's threat to " 'break him' of the habit of talking back to Aguilar" a serious threat of physical harm because he and another inmate had recently been maliciously beaten by guards.[2]
 
 
 7
 A prisoner may state a § 1983 claim against prison officials where the officials acted with "deliberate indifference" to his physical safety in violation of the eighth and fourteenth amendments. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986); see, e.g., Hernandez, 861 F.2d at 1424 (prisoner alleging rape by prison guards and that guards allowed his rape by other prisoners); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir.1982) ("Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."). The deliberate indifference standard "requires a finding of some degree of 'individual culpability,' but does not require an express intent to punish." Berg, 794 F.2d at 459. An inmate need not wait until he is actually assaulted to obtain relief. See Fitzharris v. Wolff, 702 F.2d 836, 839 (9th Cir.1983). Instead, the eighth amendment requires prison officials to take reasonable measures to protect inmates from physical abuse at the hands of both inmates and prison guards. See Hoptowit, 682 F.2d at 1250-51.
 
 
 8
 Although "a mere threat" of future bodily harm to a prisoner may not provide the basis for a cognizable § 1983 claim based upon the eighth amendment, see Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987), Gonzales has alleged more than idle threats. For example, he alleged that on May 5, 1986, two prison officers beat him at the direction of Captain Cordova. This contention, if true, strongly supports Gonzales' claim that his safety was in jeopardy.[3] At the very least, we cannot be certain that Gonzales is unable to make any rational argument in law or fact to support his claim for relief against defendants Martinez and Kelly. Therefore, the district court erred in dismissing the claim under § 1915(d).
 
 B
 
 9
 Gonzales also alleged that it was cruel and unusual punishment to forbid him to take breakfast and lunch in his cell. The failure of prison officials to provide adequate nutrition has been recognized as a separate eighth amendment claim. Hoptowit, 682 F.2d at 1246. Although the Ninth Circuit has provided no guidance on the quantity of prisoner food necessary to pass constitutional muster, other courts have established guidelines. See, e.g., Green v. Ferrell, 801 F.2d 765, 770-71 (5th Cir.1986) (finding two meals a day sufficient if nutritionally and calorically adequate); see also Sostre v. McGinnis, 442 F.2d 178, 186, 193-94 (2d Cir.1971) (finding diets of 2,800 to 3,300 calories per day constitutionally adequate), cert. denied, 404 U.S. 1049 (1972); Cunningham v. Jones, 667 F.2d 565, 566 (6th Cir.1982) (finding one meal a day for 15 days, where the meal contained 2,000-2,500 calories and was sufficient to maintain health, constitutionally adequate).
 
 
 10
 Gonzales alleged that he was effectively denied[4] breakfast and lunch for a three-week period, but concedes that dinner was available to him. Gonzales did not specifically allege that he was nutritionally deprived during that period. However, a charitable reading of his complaint may reveal an implied claim of inadequate nutrition because it alleged weight loss, fatigue, anxiety, and symptoms of neurosis. Thus, assuming it was reasonable for Gonzales to refuse to leave his cell during the day and that the one daily meal he received lacked adequate nutrition, Gonzales may arguably be able to state an eighth amendment claim. Therefore, the district court erred in dismissing this claim under § 1915(d).
 
 III
 
 11
 Gonzales also asserted a § 1983 claim against inmate Morales for assaulting him pursuant to an exchange of obscenities. We find this claim frivolous.
 
 
 12
 To sustain an action under § 1983, the plaintiff must prove that a person acting under color of state law deprived him of rights secured by the federal constitution or laws. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Morales is not an officer of the state, nor does the complaint allege that Morales acted in concert with state officials or demonstrated conduct otherwise chargeable to the state. At present, therefore, the complaint fails to state a claim against inmate Morales because Morales is not alleged to have acted under color of state law, such as by acting in concert with state officials. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).
 
 
 13
 The facts as alleged indicate that this deficiency cannot be cured by amendment. Gonzales conceded that after Morales lunged at him, guard Martinez interposed and spirited him away to safety. He further acknowledged that guard Kelly then shut the hall door, thus sealing off Morales' attack. Such conduct by the prison guards belies any claim that Morales acted in concert with state officials. If a court "may dismiss as frivolous complaints reciting bare legal conclusion with no suggestion of supporting facts," Franklin, 745 F.2d at 1228 (quotation omitted), a fortiori it may dismiss when the alleged facts boldly contradict the asserted legal claim. Therefore, the district court did not err in dismissing this claim under § 1915(d).
 
 IV
 
 14
 In summary we hold that the district court erred in dismissing the claims concerning guards Martinez and Kelly under § 1915(d). However, the district court properly dismissed the frivolous claim against Morales. We remand to the district court for issuance and service of process.[5]
 
 
 15
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court did not specify the statutory basis of the dismissal, it appears to be a 28 U.S.C. § 1915(d) dismissal because it was ordered before the complaint was served on the defendants. See Franklin v. Murphy, 745 F.2d 1221, 1226-27 n. 5 (9th Cir.1984) ("This circuit ... grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint on the grounds that it is frivolous.")
 
 
 [2]
 He also alleged that inmate Morales had attacked him once and then threatened his life
 
 
 [3]
 A court may question the veracity of factual allegations in an in forma pauperis complaint only to the extent that those claims are fantastic, delusional, or otherwise clearly baseless. See Neitzke, 109 S.Ct. at 1833; see also Jackson, 885 F.2d at 641 (declining to question, for purposes of § 1915(d), veracity of claims that seem "highly impropable or greatly exaggerated")
 
 
 [4]
 Gonzales claims that, given his fears of physical abuse at the hands of Aguilar and Cordova, the defendants' refusal to permit him to eat breakfast and lunch to his cell was tantamount to a denial of those meals
 
 
 [5]
 Because Gonzales filed this appeal in November, 1986, it is possible that changed circumstances in the prison have rendered some or all of his claims moot. However that determination must be made upon remand