917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert GILES-EL, Plaintiff-Appellant,
v.
M. LARABELL, N. Reeves, Jerry Kamerschen, Earl James,
Defendants-Appellees.
 No. 90-1088.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1990.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and WISEMAN, Chief District Judge.*
 
 ORDER
 
 2
 Herbert Giles-El, a pro se Michigan prisoner, appeals the district court's judgment dismissing his civil rights complaint as frivolous under 28 U.S.C. Sec. 1915(d). Additionally, Giles-El requests the appointment of counsel and a transcript at government expense. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's pro se brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On December 10, 1988, Giles-El was issued a misconduct ticket for being out of place at the 4:30 p.m. head count. A corrections officer reviewed the misconduct ticket with the plaintiff, and on December 13, 1988, a misconduct hearing was held where Giles-El was found guilty of the charge and sentenced to three days loss of privileges. On December 15, 1988, Giles-El appealed his minor misconduct conviction. His appeal was denied.
 
 
 4
 Giles-El sued the defendant corrections officials individually and in their official capacities alleging that the defendants violated clearly established state procedures in bringing about his misconduct conviction. Specifically, he alleged that "defendants failed to follow procedural guidelines and standards" and instead imposed their own "homemade rules" during his disciplinary hearing. The district court sua sponte dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) finding that Giles-El had no recognizable liberty interest in privileges and that, even if he did, he was not deprived of that interest without due process because he failed to prove the inadequacy of state post-deprivation remedies.
 
 
 5
 On appeal, Giles-El reasserts his claim. He additionally argues that the district court did not comply with the requirements of Sec. 1915(d) in dismissing his complaint.
 
 
 6
 Upon review, we deny the request for counsel and a transcript, and affirm the district court's judgment because the complaint lacks an arguable basis in law. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). First, the district court complied with the requirements of Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983), because it cited to 28 U.S.C. Sec. 1915(d) in dismissing Giles-El's complaint. Second, Giles-El did not allege infringement of a protected liberty interest. Three days loss of privileges does not present a federal constitutional issue. See Jordan v. Jones, 625 F.2d 750, 751 (6th Cir.1980). Third, to the extent Giles-El alleged a random, unauthorized act not pursuant to state policy, custom, regulation or laws, see Hudson v. Palmer, 468 U.S. 517, 534 (1984), he did not plead and prove an inadequate state remedy. Watts v. Burkhart, 854 F.2d 839, 843 (6th Cir.1988).
 
 
 7
 Accordingly, the request for counsel and a transcript is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief U.S. District Judge for the Middle District of Tennessee, sitting by designation