940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric D. STONER, Plaintiff-Appellant,
Umar Shareef, et al., Plaintiffs,
v.
Elaine JETT, Susan Dobner Williams, Tom Campbell, John T.
Wigginton, Department of Adult Institutions,
Defendants-Appellees.
 No. 91-5279.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1991.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and WEBER, District Judge.*
 
 ORDER
 
 2
 Eric Stoner, a Kentucky pro se prisoner, appeals the district court's order granting the defendants' motion for summary judgment in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive relief, plaintiff and sixteen other Islamic prisoners sued four employees of the Kentucky Corrections Cabinet in their individual and official capacities and the Department of Adult Institutions alleging that defendants have denied them "equal protection simply because they are Muslims." In addition, they alleged a violation of their first amendment rights because defendants have failed to provide them with a special diet free of pork and pork by-products. Plaintiffs also sought a court order to require defendants to implement a proposal which called for a special Muslim diet of three pork-free meals a day and for the preparation of their food by the institution's dietician or someone designated by the Muslim community at any given Kentucky prison.
 
 
 4
 The district court denied plaintiffs' motion for a temporary restraining order regarding their proposal and for appointment of counsel. The parties subsequently filed cross motions for summary judgment. The district court granted defendants' motion for summary judgment finding that there was no showing the plaintiffs' constitutional rights had been violated.
 
 
 5
 As an initial matter, we recognize this appeal as being brought only by Eric Stoner as he was the only plaintiff who was specifically identified in the notice of appeal. The use of the term "et al.," did not sufficiently designate any other plaintiffs as appellants; they therefore failed to effectuate an appeal to this court. See Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988).
 
 
 6
 Upon review, we conclude the district court properly granted summary judgment for the defendants because there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 7
 Stoner's allegations regarding entitlement to three pork-free meals a day and defendants' failure to adequately provide him with pork-free meals in violation of his first amendment rights are unsubstantial. Defendants are not required to prepare individual meals for prisoners but only a diet sufficient to keep them in good health, see Cunningham v. Jones, 667 F.2d 565, 566 (6th Cir.1982) (per curiam); Kahane v. Carlson, 527 F.2d 492, 496 (2d Cir.1975), or in the case of Muslims, a diet which provides them with adequate nourishment without the consumption of pork. See Ross v. Blackledge, 477 F.2d 616 (4th Cir.1973); Masjid Muhammad-D.C.C. v. Keve, 479 F.Supp. 1311, 1318 (1979).
 
 
 8
 The Kentucky Corrections Cabinet has regulations which provide for religious diets which are nutritionally adequate based on a dietician's recommendations. One pork-free meal a day is served and pork-free items are identified at meals. Food containing pork or pork byproducts is clearly marked on menus which are distributed to inmates. When a pork meal is being served, cheese and peanut butter sandwiches are served. The Kentucky Corrections Cabinet's regulations which provide for serving a nutritionally adequate pork-free diet do not infringe on Stoner's right to exercise his religious beliefs with respect to diet and do not violate his first amendment rights.
 
 
 9
 The plaintiff is not constitutionally guaranteed three pork-free meals a day. Stoner cites one example where pork was mistakenly served at a time when the meal was designated as pork-free. However, this was done mistakenly, there has been no showing that this behavior has been repeated and shows nothing more than negligence which does not rise to a level showing a first amendment violation. Cf. Daniels v. Williams, 474 U.S. 327, 330 (1986).
 
 
 10
 Stoner's equal protection claim regarding hiring Imams and money spent on Christian inmates is unsubstantial because his allegations which are premised on mere conclusions and opinions, need not be accepted as true and fail to state an adequate claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Furthermore, the law does not mandate that a particular prison pay for a full-time Imam and need make only reasonable efforts to afford inmates an opportunity to practice their faith. See Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam); Al-Alamin v. Grumley, 926 F.2d 680, 687 (7th Cir.1991). Stoner has not presented any specific facts or proof which demonstrate that he has been denied equal protection under the law based on his religious beliefs or that defendants have not provided him an adequate opportunity to practice his religion.
 
 
 11
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation