**Ervin Russell SIMS, also known as Ervin R. Sims–El, Plaintiff–Appellant,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant–Appellee.**

No. 00–1579.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

---

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Ervin Russell Sims, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his 42 U.S.C. § 1983 civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and 42 U.S.C. § 1997e(c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 19, 2000, Sims filed a complaint against the Michigan Department of Corrections ("MDOC"). Sims alleged that the MDOC refused to provide him with a prison job, denied him an adequate diet and a lower bunk detail, harassed him by allegedly charging him with false misconduct tickets, and confiscated his personal property. Sims sought monetary, injunctive, and equitable relief.

Despite Sims's failure to demonstrate that he had exhausted his available administrative remedies, the district court dismissed the complaint under the authority of § 1997e(c)(2), upon its determination that the claims raised sought monetary relief from a defendant who is immune from such relief and failed to state a claim upon which relief may be granted. Reconsideration was denied. Sims has filed a timely appeal. He has also filed a motion for a temporary restraining order.

Initially, we note that Sims has abandoned all of the claims raised in his complaint because he failed to offer any argument as to why the district court's disposition of his claims was improper. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 881 (6th Cir. 1996). However, in light of Sims's pro se status, we will review the district court's disposition of his claims related to the confiscation of his personal property and denial of an adequate diet because he mentions those claims in his appellate brief, albeit without any supporting argument or authority.

We review de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted under §§ 1915(e)(2) and 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). We also review de novo a district court judgment dismissing a prisoner's complaint under § 1997e(c). *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998).

Upon review, we conclude that the district court properly dismissed Sims's complaint. The Eleventh Amendment bars a suit brought in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Abick v. Michigan,* 803 F.2d 874, 876–77 (6th Cir. 1986). Because the MDOC is a state agency and the state of Michigan has not consented to civil rights suits in the federal courts, the MDOC is entitled to Eleventh Amendment immunity. *See Pennhurst,* 465 U.S. at 100, 104 S.Ct. 900; *Pugh,* 438 U.S. at 782, 98 S.Ct. 3057; *Abick,* 803 F.2d at 877.

In addition, Sims's complaint fails to state a claim upon which relief may be granted. Sims failed to allege a due process claim based upon the alleged confiscation of his personal property. Sims alleged an unauthorized deprivation of his property. Thus, it would have been impracticable or impossible for prison officials to provide pre-deprivation process. *See Zinermon v. Burch,* 494 U.S. 113, 136–39, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Parratt v. Taylor,* 451 U.S. 527, 543–44,

**216**

101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir.1995). Moreover, Sims did not allege that state post-deprivation remedies are inadequate. *See Hudson v. Palmer,* 468 U.S. 517, 531–33, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Copeland,* 57 F.3d at 479.

■ Sims failed to allege an Eighth Amendment claim based upon an alleged inadequate diet because he did not allege that he has been denied "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The fact that Sims may have been served one cup of fruit as part of a six-meal-per-day diet does not establish a deprivation of nutrition necessary to sustain his physical well-being. Furthermore, Sims did not allege that he was denied sufficient food on a daily basis or that he could not maintain his health based on the diet provided him even though one of the six meals he received per day may have consisted of one cup of fruit. *See Cunningham v. Jones,* 667 F.2d 565, 566 (6th Cir.1982) (one meal per day that provides sufficient nutrition to sustain normal health does not offend the Constitution).

Accordingly, the motion for a temporary restraining order is denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.