NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1096n.06

No. 12-1238

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Oct 23, 2012***

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CARNELL DAVIS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| LOUIS MIRON, Correctional Officer; | ) | THE WESTERN DISTRICT OF |
| CHERIE KONRAD, Correctional Officer, | ) | MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Carnell Davis, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

In January 2011, Davis filed a complaint against correctional officers Louis Miron and Cherie Konrad.  He alleged that on six dates in December 2008 and March 2009, in retaliation for Davis exposing himself to female correctional officers including Konrad, Miron was verbally abusive, refused to serve him seven meals, and turned off the water to his cell on one occasion.  Davis sought compensatory and punitive damages.  The district court dismissed Davis's complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

The district court's judgment is reviewed de novo.  *Grinter v. Knight*, 532 F.3d 567, 571–72 (6th Cir. 2008).  Dismissal for failure to state a claim is appropriate when the complaint's factual allegations, taken as true, fail to show entitlement to relief.  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

The district court properly dismissed Davis's retaliation claim. A prisoner establishes a First Amendment retaliation claim by demonstrating: "(1) [he] engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by [his] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Davis claimed that Miron retaliated against him because of his sexual misconduct directed at Konrad. Davis's sexual misconduct is not protected conduct. *See id*. at 395. Thus, he failed to establish the first element of a retaliation claim.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976) (internal quotation marks and citation omitted). To establish an Eighth Amendment violation, a prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Davis claims that Miron denied him seven meals over six days between 2008 and 2009, thus violating the Eighth Amendment. However, the alleged deprivation does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982). Regarding Davis's claims that Miron verbally harassed him, verbal harassment does not constitute cruel and unusual punishment. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004); *see also Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987). Finally, Davis claims that Miron turned off the water to his cell. This claim also fails to state an Eighth Amendment violation. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (holding that allegations of temporary inconveniences do not state an Eighth Amendment claim).

The district court's judgment is affirmed.