77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven Anthony JONES, Plaintiff-Appellant,
v.
Raymond G. TOOMBS, Warden; Pete Vidor, Deputy Warden;
Raymond Palmer, Defendants-Appellees.
 No. 95-1395.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 Before: KEITH, COLE and SILER, Circuit Judges.
 
 ORDER
 
 1
 Steven Anthony Jones appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Jones sued numerous Michigan correctional officials and personnel, alleging that the defendants violated his Eighth Amendment and due process rights when they denied him use of a mattress, did not provide him with adequate medical treatment, placed him in soft-lock, and denied him smoking privileges. Over Jones's objections, the district court adopted the magistrate judge's report and recommendation, granted summary judgment for the defendants, and dismissed the case. Jones has filed a timely appeal.
 
 
 3
 Upon review, we conclude that the district court properly granted summary judgment for the defendants. No genuine issue of material fact exists and the defendants are entitled to judgment as a matter of law. Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 800 (6th Cir.1994). The defendants did not violate Jones's Eighth Amendment rights by depriving him of a mattress for a two week period. See Schroeder v. Kaplan, No. 93-17123, 1995 WL 398878, at * 2 (9th Cir. July 7, 1995) (requiring prisoner to sleep on floor for a four week period without use of mattress does not violate the Eighth Amendment). The defendants were not deliberately indifferent to Jones's serious medical needs because they did not intentionally deny or delay access to medical care or intentionally interfere with any treatment. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Penological justification existed for placing Jones in soft-lock. See Rhodes v. Chapman, 452 U.S. 337, 346 (1981). The defendants did notviolate the Eighth Amendment by denying Jones smoking privileges. Lastly, the defendants did not violate Jones's due process rights because each of these alleged deprivations is an ordinary incident of prison life that did not impose an atypical and significant hardship on Jones. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 4
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.