**Jeff SHAW, Plaintiff–Appellant,**

v.

**MANGIONE, Lieutenant, et al.,
Defendants–Appellees.**

No. 01–1688.

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 2001.

Before MERRITT and DAUGHTREY,

Circuit Judges; WELLS, District Judge.*

Jeff Shaw, a Michigan state prisoner, appeals pro se a district court order dismissing his civil rights action, filed under 42 U.S.C. § 1983, for failure to state a claim. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Shaw filed this action against three officers of the Muskegon County, Michigan, jail. He alleged that the defendants had placed him in a high security cell without a mattress or blanket the night before the last day of his criminal trial. As a result, Shaw alleged that he was exhausted the next day and unable to contribute to his defense.

The district court dismissed the complaint for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and 42 U.S.C. § 1997e(c). The district court concluded that nothing alleged in the complaint rose to the level of an Eighth Amendment violation, and that Shaw could not allege denial of access to the courts because he could show no prejudice where he was represented by counsel at his trial.

On appeal, Shaw argues that the defendants' alleged action was part of a conspiracy to wrongfully convict him.

Upon review, we conclude that this complaint was properly dismissed for failure to state a claim, as Shaw could prove no facts which would entitle him to the relief requested. *See Persian Galleries, Inc. v. Transcon. Ins. Co.*, 38 F.3d 253, 258 (6th Cir.1994).

In addition to the defects noted by the district court, Shaw's complaint was subject to dismissal under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In that case, the Supreme Court held that an action for monetary damages could not be brought if it would imply that a conviction was illegal, until the conviction had been reversed or vacated on appeal or collateral review. In this case, Shaw has alleged a conspiracy to wrongfully convict him, part of which included the defendants' alleged action rendering him unable to participate in his defense at trial. However, it does not appear that Shaw's conviction has been reversed or vacated. Accordingly, Shaw's alleged claim has not accrued.

Therefore, the dismissal of this complaint for failure to state a claim is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.