[redacted]

[redacted]

**Joseph CORSETTI, Plaintiff–Appellant,**

**v.**

**Arthur TESSMER, Warden, et al., Defendants–Appellees.**

**No. 01–1595.**

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

[redacted]

Before CLAY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

### ORDER

Joseph Corsetti, a Michigan prisoner proceeding pro se, requests the appointment of counsel on appeal from a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Corsetti filed this action against defendants Kinross Correctional Facility ("KCF") Warden Arthur E. Tessmer, KCF Deputy Warden Kenneth Romanoski, KCF Administrative Assistant Jeffrey Riordan, KCF Assistant Deputy Warden Linda

Metrish, KCF Sergeant Harwood, and Lakeland Correctional Facility ("LCF") Warden Carol Howes. The circumstances underlying this civil rights action have been set forth in the district court's various opinions, and will be reiterated herein only to the extent necessary to resolve the instant appeal. Corsetti alleged that he was transferred to KCF from LCF in retaliation for filing complaints on his own behalf, as well as on the behalf of other inmates. He also alleged that the defendants were involved in a conspiracy to retaliate against him for his use of the legal system on the behalf of himself and other inmates. He alleged that his transfer from LCF to KCF violated his right to due process of law and equal protection. Lastly, Corsetti alleged that his transfer to KCF, when the defendants were aware that Corsetti's known enemy was incarcerated at KCF, violated the Eighth Amendment prohibition against cruel and unusual punishment. Corsetti was stabbed after he was transferred to KCF. Corsetti sued the defendants in their individual and official capacities and sought declaratory, injunctive and monetary relief.

On initial review, a magistrate judge recommended that all claims be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e, except for Corsetti's Eighth Amendment claim against defendant Howes. The district court adopted the magistrate judge's recommendation only to the extent that the magistrate judge recommended dismissal pursuant to §§ 1915(e)(2) and 1915A(b). The court found that Corsetti had exhausted his available administrative remedies in compliance with § 1997e(a). The only remaining defendant was defendant Carol Howes.

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Defendant Howes filed a motion for summary judgment. The magistrate judge recommended that summary judgment be granted for defendant Howes because Corsetti's injury was *de minimis* and was thus not actionable under 42 U.S.C. § 1997e(e). In an order filed March 13, 2001, the district court adopted the magistrate judge's report and recommendation after noting that Corsetti had failed to file objections. This appeal followed.

■ We note that Corsetti's initial brief on appeal primarily challenges only the grant of summary judgment to defendant Howes. It does not contain a clear challenge to the dismissal of the claims pursuant to 28 U.S.C. §§ 1915(e)(2) or 1915A(b). Therefore, he has abandoned these claims for purposes of appellate review. *See Kocsis v. Multi–Care Mgmt., Inc.*, 97 F.3d 876, 881 (6th Cir.1996); *Enertech Elec., Inc. v. Mahoning County Commr's*, 85 F.3d 257, 259 (6th Cir.1996). In any event, we affirm the dismissal of those claims for the reasons stated by the magistrate judge in the September 3, 1998, report and recommendation, as adopted by the district court in the opinion and order filed November 19, 1998.

We also note that Corsetti did not file objections to the magistrate judge's February 21, 2001, report and recommendation. The general rule is that a party who does not file timely objections to a magistrate judge's report and recommendation, after being advised to do so, waives his right to appeal. *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). In this case, however, Corsetti has made showing of excusable neglect or good cause for not filing timely objections. Therefore, in the interests of justice, the court will review the merits of Corsetti's appeal. *See Thomas v. Arn*, 474 U.S. 140, 155 n. 15, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*Kent v. Johnson*, 821 F.2d 1220, 1222–23 (6th Cir.1987).

We review an order granting summary judgment de novo. *Hall v. Tollett*, 128 F.3d 418, 421 (6th Cir.1997). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Upon review, we conclude that the district court properly granted summary judgment to defendant Howes for the reasons stated by that court. Because Corsetti was transferred to KCF following defendant Howes's alleged misconduct, his claims for injunctive relief are moot. *See Preiser v. Newkirk*, 422 U.S. 395, 402–03, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Further, Corsetti's claim for damages is not actionable under 42 U.S.C. § 1997e(e). Although § 1997e(e) does not define "physical injury," the developing case law in this area reflects the view that, consistent with Eighth Amendment jurisprudence, the predicate injury need not be significant, but must be more than *de minimis*. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) (physical injury required as predicate for emotional-distress claim must simply be more than *de minimis*); *see also Luong v. Hatt*, 979 F.Supp. 481, 485–86 (N.D.Tex.1997) (physical injury must be more than *de minimis* to satisfy § 1997e(e)). As pointed out by the magistrate judge, Corsetti's injury was clearly *de minimis*. The medical records indicate that Corsetti suffered only two small bruises on his shoulder. Although Corsetti disputes the medical records, even he has alleged that he received only minor cuts that did not require medical attention.

Corsetti's claim for damages is therefore not actionable under § 1997e(e).

Accordingly, the request for the appointment of counsel is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.