**Sonya GRISSOM, Plaintiff–Appellant,**

v.

**Susan S. DAVIS et al., Defendants–Appellees.**

**No. 02–1916.**

United States Court of Appeals, Sixth Circuit.

Feb. 12, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and ECONOMUS, District Judge.*

*ORDER*

Sonya Grissom, a Michigan prisoner proceeding pro se, appeals a district court order dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

of Ohio sitting by designation.

On March 19, 2002, Grissom filed a complaint against the following officials employed at the Scott Correctional Facility, where she is incarcerated: Assistant Deputy Warden Susan S. Davis, Sergeant Ross, Correctional Officer J. Jones, and Assistant Resident Unit Supervisor Beasley. Relying upon the Eighth Amendment, Grissom alleged that the defendants subjected her to unconstitutional conditions of confinement when they placed her on mattress restriction from December 1, 2000, to December 8, 2000, following her receipt of a major misconduct charge for destruction of her mattress. Grissom alleged that she was not provided a blanket, sheets, or any other "adequate substitution" during the mattress restriction period, and as a result of the restriction, her "body was aching." Grissom also alleged that, during the period of restriction, her requests for health care services were ignored. According to Grissom, "[t]hese deprivations caused [her] to request a mental health help" and she is currently receiving psychiatric treatment. Grissom sought expungement of "this major misconduct" from her prison file, return of her "disciplinary days," and monetary relief.

The district court dismissed Grissom's complaint without prejudice pursuant to the provisions of 42 U.S.C. § 1915(e)(2). Grissom has filed a timely appeal.

We review de novo an order dismissing a suit as frivolous and for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir.2000). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 867.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102–03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). An Eighth Amendment claim contains both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Wilson*, 501 U.S. at 298–99. Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Farmer*, 511 U.S. at 835–36.

Upon review, we conclude that the district court properly dismissed Grissom's complaint as it failed to allege facts that, if proven, would rise to the level of the serious deprivation and deliberate indifference required to support an Eighth Amendment claim. *See Wilson*, 501 U.S. at 298–99; *Rhodes*, 452 U.S. at 347–49. Grissom neither alleged nor presented any evidence that the seven-day mattress restriction deprived her of basic human needs or caused

her to suffer serious harm. Furthermore, Grissom did not allege that the defendants acted wantonly and recklessly disregarded a substantial risk of harm to her health or safety when placing her on the mattress restriction. Under these circumstances, Grissom's complaint failed to state an Eighth Amendment claim for cruel and unusual punishment. *See O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 84 (8th Cir.1996); *Seltzer–Bey v. Delo,* 66 F.3d 961, 964 (8th Cir.1995); *Williams v. Delo,* 49 F.3d 442, 445–46 (8th Cir.1995).

Moreover, Grissom cannot maintain a claim for damages for any mental or emotional injuries that she has allegedly suffered as a result of the mattress restriction. *See* 42 U.S.C. § 1997e(e). Section 1997e(e) prohibits prisoners from bringing a suit for mental or emotional injury without an accompanying physical injury. *See id.* Grissom alleged nothing more than a de minimis physical injury, which is insufficient under § 1997e(e) to support a claim for mental or emotional injury. *See Corsetti v. Tessmer,* 41 Fed.Appx. 753, 755–56 (6th Cir. June 25, 2002) (unpublished order); *Robinson v. Corrs. Corp. of Am.,* 14 Fed.Appx. 382, 383 (6th Cir. June 20, 2001) (unpublished).

Grissom has waived appellate review of the district court's denial of her request for expungement of "this major misconduct" from her prison file and return of her "disciplinary days" because her appellate brief does not contain any argument as to why the district court's denial of such relief was improper. The failure to present an argument in an appellate brief waives appellate review. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 881 (6th Cir.1996).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.