**Floyd JENNINGS, Plaintiff–Appellant,**

v.

**Kathleen MITCHELL;  Alvin Bulerski, Defendants–Appellees.**

**No. 03–1922.**

United States Court of Appeals, Sixth Circuit.

March 12, 2004.

724

Floyd Jennings, Ionia, MI, pro se.

Kevin R. Himebaugh, Asst. Atty. General, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants–Appellees.

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

Before: MARTIN, CLAY, and CUDAHY,* Circuit Judges.

*ORDER*

Floyd Jennings, a Michigan prisoner proceeding pro se, appeals the summary judgment for the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jennings presently is incarcerated at the Ionia Maximum Correctional Facility. The events leading up to this lawsuit occurred while Jennings was housed at the Oaks Correctional Facility. The facts underlying this lawsuit are adequately set forth in the magistrate judge's report and recommendation and will not be repeated herein. Jennings's complaint alleges that two corrections officers at the Oaks Correctional Facility (corrections officers Alvin Bulerski and Sergeant Kathleen Mitchell) violated his Eighth Amendment right against cruel and unusual punishment when they sprayed him with a chemical agent in response to his refusal to exit the shower on June 11, 2001. Jennings sought monetary relief against the defendants in their individual capacities. Upon review, a magistrate judge recommended that summary judgment be granted for the defendants. The district court entered judgment adopting the magistrate judge's report and recommendation as the opinion of the court This timely appeal followed.

We review de novo a grant of summary judgment. *Brooks v. Am. Broad. Cos.,* 932 F.2d 495, 500 (6th Cir.1991). Summary

judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharm., Inc.,* 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)).

■ Upon review, we conclude that the district court properly granted summary judgment to the defendants. The defendant corrections officers did not violate Jennings's Eighth Amendment rights because the force used was applied in a good-faith effort to maintain or restore discipline, not to maliciously cause pain. *See Hudson v. McMillian,* 503 U.S. 1, 5–6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The videotape squarely demonstrates that Jennings disobeyed repeated direct orders prior to the use of pepper spray. At no time was Jennings in respiratory distress of any sort; he merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray. As a result, Jennings's claim of excessive force is unsupported by videotaped evidence expressly relied upon by Jennings.

■ Furthermore, because Jennings fails to allege or show more than a de minimis physical injury, his Eighth Amendment claim for mental anguish is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Perkins v. Kansas Dep't of Corr.,* 165 F.3d 803, 807 (10th Cir.1999).

■ Alternatively, Jennings's Eighth Amendment claim lacks merit because it is barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Jennings claims that he obeyed the defendants' instructions and that the defendants acted without justifica-

tion in spraying him with pepper spray. Jennings, however, was convicted of misconduct for disobeying a direct order to sit cross-legged on his bunk and face the wall. Jennings's allegations present a direct challenge to the validity of his conviction.

A prisoner found guilty in a prison disciplinary hearing cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction. *Huey v. Stine,* 230 F.3d 226, 230–31 (6th Cir.2000). Because a favorable ruling on Jennings's Eighth Amendment claim would imply the invalidity of his disciplinary conviction, this claim is not cognizable. *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Huey,* 230 F.3d at 230.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.