NOT RECOMMENDED FOR PUBLICATION

File Name: 07a0684n.06

Filed: September 21, 2007

## No. 03-2331

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LAMAR WILLIAM JONES BEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| KELLY JOHNSON and WAYNE | ) | MICHIGAN |
| TRIERWEILER, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SILER and CLAY, Circuit Judges; BERTELSMAN,[*] District Judge.

**SILER**, Circuit Judge. Plaintiff Lamar Jones Bey is an inmate at Alger Maximum Correctional Facility. Proceeding *pro se*, he filed a 42 U.S.C. § 1983 action against correctional officer Kelly Johnson and grievance coordinator Wayne Trierweiler. When this case first came before our circuit, we reversed the district court's dismissal of Jones Bey's suit because he had not exhausted all of his administrative remedies and remanded for the district court to dismiss the case without prejudice until after exhaustion had been completed. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2004). Later, in *Jones v. Bock*, 127 S.Ct. 910 (2007), the Supreme Court held that under the Prison Litigation Reform Act of 1995 ("PLRA"), courts should not dismiss prisoner complaints in their entirety when the litigant presents both exhausted and unexhausted claims. In accordance

---

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

with *Jones,* we now reach the merits of Jones Bey's exhausted claims and **AFFIRM** the district court.

**FACTS**

Jones Bey alleges that in October 2001, Johnson arbitrarily took away his yard time. He then filed a grievance. In response to the grievance, Johnson allegedly came to Jones Bey's cell and said, "You like to write grievances, huh? You know me and the counselor are related, I'm going to see if I can have him put some pressure on you to break you up from that habit." Later, Johnson allegedly shook down Jones Bey's cell, desecrating several Islamic religious books. Johnson also told Jones Bey that "we don't like Niggers or Muslims up here."

In December 2001, Jones Bey asserts that Johnson placed handcuffs on him too tightly, which caused the loss of blood circulation. Jones Bey maintains that Johnson then pulled on the handcuffs, causing him to strike the food slot, resulting in pain and swelling to his wrists. He alleges that Johnson then deliberately falsified a misconduct report to cover up the incident.

Jones Bey was found not guilty of the misconduct charge. In response, Johnson then said to him "You're dead! And I'm still going to get your ticket free time!" Johnson then ordered a shake-down of Jones Bey's cell. Jones Bey also alleges that Johnson later stopped by his cell and said, "Asshole, I'm still going to get your Nigger ass!"

Jones Bey attempted to file a grievance against Johnson, but grievance coordinator Trierweiler rejected the grievance because it was unclear. Trierweiler then rejected a second

grievance because it was already grieved and a third grievance because the issue was not grievable. Jones Bey filed a grievance against Trierweiler, but it was also denied.

## ANALYSIS

We originally directed the dismissal of Jones Bey's complaint in its entirety because the PLRA's exhaustion requirement had not been satisfied, since his complaint contained both exhausted and unexhausted claims. However, as this case was remanded due to the decision in *Jones v. Bock*, 127 S.Ct. at 925, we now analyze the merits of Jones Bey's exhausted complaints.

In order to state a claim under the Eighth Amendment, Jones Bey must prove both objective and subjective elements of cruel and unusual punishment. *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). Although an injury need not be severe, it must amount to a more than a *de minimus* use of force against the prisoner. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Furthermore, Jones Bey must prove that Johnson acted in a manner that was "unnecessary" and "wanton." *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). In addition, "the good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Id*.

Jones Bey contends the injuries to his wrist that he suffered during the handcuffing incident constitute a violation of his Eighth Amendment rights. During the incident, he claims that his hands were cuffed too tightly and mashed against the food slot on his cell. Although the Eighth Amendment does not require a serious injury, Jones Bey's injuries were so slight that, even if proven, they constitute a *de minimus* violation. We have found that a prisoner's Eighth Amendment rights were not violated in similar situations. *See, e.g., Corsetti v. Tessmer*, 41 Fed. Appx. 753, 2002

WL 1379033, at *2 (6th Cir. June 25, 2002) (minor bruises and small cuts are *de minimus* violations). Furthermore, Jones Bey cannot state a claim for violation of his Eighth Amendment rights based on Johnson's use of racial slurs and other derogatory language. The occasional use of racial slurs, "although unprofessional and reprehensible, does not rise to the level of constitutional magnitude." *Id.* (citing *Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985)); *see also Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

The district court also correctly found that the defendants were entitled to qualified immunity. Government officials are entitled to qualified immunity in civil suits when they are engaged in discretionary acts "which do not violate clearly established law of which a reasonable person would have known." *Comstock v. McCrary*, 273 F.3d 693, 701z (6th Cir. 2001). We engage in a two-part inquiry to determine if Johnson and Trierweiler are entitled to qualified immunity. First, Jones Bey must allege sufficient facts that the defendants' conduct violated a constitutionally protected right. If so, then we must determine if the violated right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If no constitutional rights have been violated, the inquiry ends with step one, and the officers are entitled to immunity. *Id.* As noted above, the defendants did not violate Jones Bey's constitutional rights; thus, they are entitled to qualified immunity.

Jones Bey also argues that the defendants violated his First Amendment rights by retaliating against him for filing a grievance against Johnson. As we originally held, these claims were correctly dismissed without prejudice because he failed to exhaust his administrative remedies.

**AFFIRMED.**