NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0804n.06

No. 09-6285

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Dec 02, 2011*

LEONARD GREEN, Clerk

LINNELL RICHMOND,

     Plaintiff-Appellant,

v.

DARREN SETTLES, ROGER DUNCAN,
JANICE SEXTON, ROSCOE BYRD,
AMANDA DAGLEY, JONATHAN REDMON,
FRANK CONLON,

     Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

OPINION

_____/

Before:    KETHLEDGE and GILMAN, Circuit Judges; LUDINGTON, District Judge.[*]

THOMAS L. LUDINGTON, District Judge. Linnell Richmond, an inmate in the custody of the Tennessee Department of Corrections, filed a complaint pursuant to 42 U.S.C. § 1983, alleging claims for excessive use of force and unconstitutional confinement in violation of the Eighth Amendment against Darren Settles, Roger Duncan, Janice Sexton, Roscoe Byrd, Amanda Dagley, Jonathan Redmon, and Frank Conlon ("Appellees").

The same day he filed his complaint, Richmond filed a motion for appointment of counsel because of his inability to afford counsel, his limited access to a law library, and his limited knowledge of the law. The district court denied Richmond's motion, concluding that appointed counsel was not necessary at that juncture to ensure that Richmond's claims were fairly addressed.

_____

[*]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 09-6285
*Richmond v. Settles, et al.*

Appellees and Richmond subsequently filed cross-motions for summary judgment. The district court granted Appellees' motion for summary judgment, denied Richmond's motion for summary judgment, and dismissed the case. The district court concluded that Richmond had not demonstrated more than de minimis injury in conjunction with his excessive force claim and that Appellees' Behavioral Management treatment of Richmond did not constitute cruel and unusual punishment.

Richmond appeals the district court's decision denying his motion for appointed counsel. Because the district court did not abuse its discretion in denying Richmond's motion to appoint counsel, we **AFFIRM**. Richmond also appeals the district court's decision granting Appellees' motion for summary judgment on the § 1983 excessive force and conditions of confinement claims for violations of his Eighth Amendment rights. Because Richmond has not demonstrated more than de minimis injury or, in the alternative, has not adequately exhausted his administrative remedies, we **AFFIRM**.

## I.

Richmond's claims arise out of a series of events that began on September 12, 2007, while he was being escorted back to his cell from a disciplinary hearing in full restraints. Richmond alleges that Redmon tripped him, causing him to fall and strike his shoulder. Conlon, along with other prison officials, then allegedly battered Richmond with their fists and feet.

Richmond was then examined by nurse Patricia Redmon and then placed in a shower to be strip searched. Richmond's medical record indicates that he "got a few scratches from the floor and [his] knee hurt[] from where the officers put [him] down on the floor." ECF No. 88. He stated that he knew his own body and was otherwise "ok." *Id.* Nurse Redmon noted no redness, swelling, heat

or abrasion of the left knee, and that Richmond's knee had a good range of motion. *Id.* She treated Richmond's scratches with water, soap, and antibiotic ointment. *Id.* Richmond did not seek further medical care.

Richmond was subsequently held in the shower until Sexton and Dagley had removed all of his personal property from his cell. Richmond was placed in "Behavioral Management" segregation on September 12, 2007, at 10:45 a.m. ECF No. 83-3. He was allowed to wear only his t-shirt and boxer shorts. At 9:15 p.m. that evening, Richmond received two paper sheets. The following day at 8:00 p.m., he was given a blanket and a mattress. On September 17, 2007, Richmond was taken off Behavioral Management and his personal property was returned to him.

Richmond claims he did not receive breakfast or lunch on September 13 or 14 or breakfast on September 15, 16, and 17. He also claims he was denied a shower from September 12 through September 17. The Segregation Unit Record for September 12, 2007, through September 17, 2007, reflects that Richmond either did not receive these meals or he refused them, but that Richmond did receive at least one meal tray per day. ECF No. 83 Ex. 2. The Segregation Unit Record also reflects that Richmond took a shower on September 10 and September 17. *Id.*

Richmond filed a timely Notice of Appeal on October 19, 2009.

## II.

### A.

Richmond contends that the district court incorrectly decided the facts of his case and provides lengthy new factual allegations in his appellate brief. Richmond now challenges the quality of his medical care and the accuracy of his medical records reflecting the extent of his injuries. He

also contends that he was coerced into pleading guilty at a disciplinary hearing, essentially identifying new claims against at least two new parties: Nurse Patricia Redmon and Sergeant Ralph Bennett.[1] Richmond also argues on appeal that his First Amendment rights were violated as a result of a false misconduct report being filed against him and that his Fourteenth Amendment rights were violated when his personal property was removed from his cell. The facts underlying these claims were known to Richmond at the time he filed his original complaint. Richmond sought to amend his complaint, but did not request leave to add these factual allegations or parties to his original complaint. He instead requested leave to add five "John Doe" defendants, to add new defendants under a respondeat superior theory of liability, and to add new factual allegations for events that occurred in June, July, August, September, and December 2008. ECF No. 99 at 4-5. The district court denied Richmond's request because he had not stated claims against the "John Does," because § 1983 liability cannot be imposed solely on the basis of respondeat superior, and because the new factual allegations were unrelated to the allegations in the original complaint. *Id.*

"The appropriate method for adding new factual allegations . . . is not via an appellate brief," and new sets of facts alleged for the first time on appeal should be disregarded. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 328-29 (6th Cir. 2006). Even though pro se litigants are held to a less stringent pleading standard than a party represented by counsel, allowing Richmond to present a new theory of the case on appeal that was not presented to the district court would permit him two

---

[1] The allegation that Richmond was coerced by Nurse Redmon and Sergeant Bennett into pleading guilty at a disciplinary hearing was included in his motion for summary judgment but, as will be discussed, Richmond did not seek to add this claim or Nurse Redmon and Sergeant Bennett as parties to his amended complaint.

bites at the apple; a practice that would be very disruptive of orderly trial procedure. *See id.* at 329;

*Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir. 2003) (stating that a "*pro se* complaint

must be held to less stringent standards than formal pleadings drafted by lawyers"); *DeBardeleben*

*v. Cummings*, 453 F.2d 320, 324-25 (5th Cir.1972) (holding that a defendant may not "breathe new

juridical life into a moribund issue" by asserting on appeal "an entirely new theory of the case, never

presented to the District Court"). We will therefore consider "only those facts alleged in [the]

complaint and the reasonable inferences that can be drawn from those facts." *Harvey*, 453 F.3d at

329; *see Evans-Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005).

**B.**

A district court has discretion to appoint counsel for an indigent civil litigant. 28 U.S.C. §

1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.");

*Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants

is a decision left to the sound discretion of the district court, and this decision will be overturned only

when the denial of counsel results in fundamental unfairness impinging on due process rights.")

(citations and internal quotation marks omitted). Accordingly, review of a district court's order

denying appointment of counsel is for abuse of discretion. *Lavado v. Keohane*, 992 F.2d 601, 605

(6th Cir. 1993); *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).

"Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is

justified only by exceptional circumstances." *Lavado*, 992 F.2d at 605-06 (citations and internal

quotation marks omitted). "In determining whether 'exceptional circumstances' exist, courts have

examined 'the type of case and the abilities of the plaintiff to represent himself.' " *Id.* (citing *Archie*

*v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). "This generally involves a determination of the 'complexity of the factual and legal issues involved.' " *Id.* (citing *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986)). Counsel should not be appointed pursuant to 28 U.S.C. § 1915(d) where a pro se litigant's claims are frivolous, *Henry*, 739 F.2d at 1119, or when the chances of success are extremely slim, *Childs v. Duckworth*, 705 F.2d 915, 922 (7th Cir. 1983).

The district court concluded that "[a]fter careful consideration of plaintiff's motion, including the type and nature of the case, its complexity, and the plaintiff's ability to prosecute his claim, this court is of the opinion that counsel is not necessary at this time to insure that plaintiff's claims are fairly heard." ECF No. 99 at 5. The district court also "certif[ied]" that an appeal from its dismissal of Richmond's claims could not be taken in good faith and would be frivolous. ECF No. 129 at 10. Although the district court's conclusions are brief, the record does not suggest that it abused its discretion in denying Richmond's motion for appointed counsel.

## C.

The district court's decision granting Appellees' motion for summary judgment is reviewed de novo. *Farhat v. Jopke*, 370 F.3d 580, 587 (6th Cir. 2004). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). An issue of fact is "genuine" if a reasonable person could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All facts and inferences drawn therefrom are considered in the light most favorable to the nonmovant. *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 462 (6th Cir.1998). The party moving for summary judgment has the initial burden to show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986). After the moving party has satisfied its burden, the burden shifts to the nonmoving party to set forth "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When no disputed, material facts exist, the court reviews the district court's substantive legal conclusions de novo. *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1345 (6th Cir. 1992).

### 1.

An inmate's post-conviction excessive force claim is raised "exclusively under the Eighth Amendment's cruel and unusual punishment clause." *Combs v. Wilkerson*, 315 F.3d 548, 556 (6th Cir. 2002) (citation omitted). A claim alleging a violation of the Eighth Amendment has both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The official must have acted with a sufficiently culpable state of mind, and the alleged wrongdoing must be objectively harmful enough to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). In an excessive use of force claim, the subjective component requires the plaintiff to show that the defendant acted "maliciously and sadistically for the very purpose of causing harm," rather than "in a good faith effort to maintain or restore discipline." *Id.* at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Several factors are relevant in determining whether a particular use of force was objectively reasonable or, instead, wanton and malicious. *Whitley*, 475 U.S. at 320-21. These factors include the extent of the injury suffered, the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the prison official, and any efforts made to temper the severity of the forceful response. *Id.* at 321. Moreover, 42 U.S.C. §

1997e(e) requires that a prisoner demonstrate actual physical injury to recover for violations of his Eighth Amendment rights. *Tensley v. Perry*, No. 97-2280, 1999 WL 96986, at *1 (6th Cir. Feb. 2, 1999) (unpublished decision). Although the injury sustained by the inmate must be more than de minimis, it need not be particularly serious in order to sustain an Eighth Amendment claim. *Hudson*, 503 U.S. at 9-10; *see also Scott v. Churchill*, No. 97-2061, 2000 WL 519148, at *3 (6th Cir. April 6, 2000) (unpublished decision) (noting that a "prisoner must allege that he sustained more than de minimus injury in order to state a viable excessive force claim").

Richmond's excessive force claim is based on an alleged assault by correctional officers on September 12, 2007. Richmond alleges that he was tripped by Redmon while being escorted out of the disciplinary hearing. Richmond then fell and struck his shoulder on the ground, and Conlon, along with other prison officials, battered Richmond with their fists and feet. The district court concluded that summary judgment on Richmond's excessive force claim was appropriate because he did not explain in his complaint the extent of his injuries from the alleged assault other than to say that he was caused "pain, injur[i]es." ECF No. 3 at 4. Richmond's memorandum in support of his motion for summary judgment provides further clarification of his "pain, injur[i]es," stating that when he fell, he hit his shoulder against the doorway and his left knee was "knocked out of joint." ECF No. 92 at 2. Richmond was able to "pop" his own knee back into place. *Id.* Richmond's accident/incident/traumatic injury report reflects that he sustained "small superficial abrasions" on his elbow and shoulder but exhibited "no redness, swelling, heat or abrasion" on his allegedly injured knee. ECF No. 88 Ex. 1 at 3. The report also quoted Richmond as saying that he was "ok, just a little scratch here and there." *Id.* Richmond did not seek additional medical treatment after his

initial treatment on September 12, 2007. *Id.* at 1.

Richmond alleges that the correctional officers' conduct was objectively harmful enough to establish a violation of his Eighth Amendment rights when he was tripped, forced to the ground, and battered by several correctional officers, and that the officers were not acting in a good faith effort to maintain or restore discipline. Richmond's accident/incident/traumatic injury report as well as his district court pleadings, however, reflect that he suffered no more than de minimis physical injuries—injuries that did not require any medical treatment after the initial evaluation. *See Jarriett v. Wilson*, 162 F. App'x 394, 400-01 (6th Cir. 2005) (unpublished decision) (claims that the prisoner's leg became swollen like a grapefruit and that he had severe cramps in his thighs were de minimis). Every malevolent touch by a prison guard does not give rise to an Eighth Amendment cause of action and a prisoner must allege that he sustained more than de minimis injury in order to state a viable excessive force claim. *Hudson*, 503 U.S. at 9-10; *Thaddeus-X v. Blatter*, 175 F.3d 378, 402 (6th Cir. 1999). The district court properly granted summary judgment in Appellees' favor on Richmond's Eighth Amendment excessive force claim because Richmond has not demonstrated he sustained more than de minimis injury.

**2.**

The Eighth Amendment imposes a constitutional limitation on the power of states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting

*Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is concerned only with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

An Eighth Amendment conditions of confinement claim also contains both an objective and a subjective component. *Wilson*, 501 U.S. at 298. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347 (1981); *see also Hudson*, 503 U.S. at 8-9. The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson*, 501 U.S. at 298-99 (observing that most successful Eighth Amendment claims involve the deprivation of an identifiable human need in combination with other serious problems).

Richmond was placed on Behavioral Management and his personal property removed from his cell on September 12, 2007. He was given two paper sheets for a bed that night. The next day, Richmond received a mattress, blankets, and sheets. In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment. *Grissom v. Davis*, 55 F. App'x 756, 757 (6th Cir. 2003); *Shaw*

*v. Mangione*, 27 F. App'x 407, 407 (6th Cir. 2001); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) ("The defendants did not violate [the plaintiff's] Eighth Amendment rights by depriving him of a mattress for a two week period."). Richmond has not presented any evidence of injury resulting from his approximately thirty-hour deprivation of a mattress and bedding.

Richmond also contends that his Eighth Amendment rights were violated because he had no toilet paper, soap, toothpaste, toothbrush, running water, or the ability to shower for six days while on Behavioral Management. This Court has concluded that deprivation of a shower and other personal hygiene items for a "brief span of time . . . , i.e., only six days" is not actionable conduct. *Siller v. Dean*, 205 F.3d 1341 (6th Cir. Feb. 1, 2000) (unpublished decision); *see Walker v. Mintzes*, 771 F.2d 920, 928 (6th Cir. 1985) (affirming the district court's order that prisoners in administrative segregation, not in frequent contact with others, be afforded at least one shower per week as a constitutional minimum). Moreover, the totality of the circumstances do not otherwise implicate the prohibition against cruel and unusual punishment because Richmond has not demonstrated that he was deprived of an identifiable human need in combination with his conditions of confinement. *See Wilson*, 501 U.S. at 304.

Finally, Richmond claims that his Eighth Amendment rights were violated because he was "denied his right to . . . eat" lunch on two days and breakfast on five days while on Behavioral Management. Appellees dispute that Richmond was denied meals. Appellees contend that the Segregation Unit record for September 12, 2007, through September 17, 2007, reflects that Richmond did not receive these meals because he refused them, but that he received at least one meal

tray per day.  ECF No. 83 Ex. 2 at 10-11. The Segregation Unit record includes three columns labeled "B," "D," and "S," presumably for breakfast, dinner, and supper.  Below these columns are handwritten "Y," "N," or "R" letters. ECF No. 83 Ex. 2 at 10-11.  Defendant Settles states in his affidavit that Richmond refused meals on dates that correspond with the "R" notations on the attached chart. *See id.* Ex. 2 Aff. of Darren Settles. In addition, at the bottom of the second page of the prison log the remarks section includes the following notation:  "Refused Tray 9-19-09." *Id.* at 11.  Each day's entry includes several "N" notations, but neither party explains what the notations mean.

An affidavit submitted by inmate Delivetrick Blocker, however, states that he "witness[ed] that Cpl. Frank Conlon, other prison officials was denying inmate Richmond #310848 his opportunity to eat breakfast, or lunch on the dates of September the 13th, 14th of 2007, breakfast on the date of September the 15th of 2007." ECF No. 19.  Another affidavit submitted by inmate Jaki Aiai Xavier Mahammad stated that Richmond was denied drinking water and that "one officer I heard say: 'drink out of the toilet like my dog does,' or words to that effect which got inmates in pod to laugh."  ECF No. 77.

Accepting Richmond's allegations as true, the deprivation of seven meals during his six days on Behavioral Management does not rise to the level of an Eighth Amendment violation.  The deprivation of life's necessities, such as food or water, can constitute a claim under the Eighth Amendment, *see Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001), but the withholding of meals, while it may result in some discomfort to the prisoner, does not result in a health risk to the prisoner sufficient to qualify as a "wanton infliction of pain" where the prisoner

continues to receive adequate nutrition. *Cf. Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (affirming the district court's conclusion that the prisoner's Eighth Amendment rights were not violated when he was served only one meal a day for 15 consecutive days where Defendants had demonstrated that the one meal furnished was of sufficient caloric content to maintain normal health for the 15 days involved). Although the caloric content of the meals received is not record evidence in the instant case, Richmond does not allege that his health suffered as a result of the meal deprivation.[2] He instead is asserting a claim for the mental anguish he allegedly suffered as a result of not receiving the meals. Such a claim is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Jennings v. Mitchell*, No. 03-1922, 2004 WL 504352, at *1 (6th Cir. Mar. 12, 2004). The district court properly granted summary judgment in Appellees' favor on Richmond's Eighth Amendment conditions of confinement claim.

## D.

Appellees alternatively argue that the district court could have dismissed Richmond's Eighth Amendment conditions of confinement claim for failure to properly exhaust administrative remedies. Richmond filed a grievance regarding the deprivation of his meals, confiscation of toiletry items, and inability to wash his hands, brush his teeth, or shower (Grievance No. 9837/193268). ECF 48 Ex.

---

[2] An affidavit from inmate Wesley Rankins states that Richmond "looked like he had lost [a] lot of weigh[t] and got really skinny he also looked really bad like he was sick" after a period of meal-deprivation nearly a year after the meal-deprivation period at issue in the instant case. ECF No. 57. Richmond provides no similar evidence or allegations regarding his meal deprivation while being placed on Behavioral Management in September 2007.

2 at 5-6. The grievance was rejected because Richmond incorrectly included multiple issues in his complaint. *Id.* at 4. Richmond's appeals were also denied due to this procedural error. *Id.* at 1-3.

"[T]he [Prison Litigation Reform Act's] exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (concluding that if a prisoner fails to file a procedurally proper grievance, he fails to satisfy the PLRA's exhaustion requirement). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* at 90 (citation and quotation marks omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Id.* "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." *Id.* at 95. "A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction" *Id.*

Richmond's Grievance No. 9831/193268 was returned to him because he improperly addressed multiple issues in his complaint. Richmond did not correct and resubmit his grievances nor is there any evidence in the record before this Court that he sought further appeals. Richmond has thus failed to properly exhaust his administrative remedies as to his conditions of confinement claim based on being denied showers and meals, his inability to wash his face and hands, and his inability to brush his teeth. On this basis, the district court could have alternatively dismissed Richmond's conditions of confinement claim as it pertained to his being denied showers, running

No. 09-6285
*Richmond v. Settles, et al.*

water, meals, and toiletry items.

## III.

For the reasons set forth above, we **AFFIRM** the district court's decision denying Richmond's motion for appointed counsel and **AFFIRM** the district court's decision granting Appellees' motion for summary judgment on the § 1983 excessive force and conditions of confinement claims for violations of Richmond's Eighth Amendment rights.