**Jerry CARNEY, Plaintiff–Appellant,**

v.

**Larry CRAVEN, Warden; Keith Huggins; Tim Cross; Shirley McKinney; David Harville; Brandon Moore; Mrs. Adams; Anthony Woods; Mr. Boyette, Defendants–Appellees.**

No. 01–6270.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before DAUGHTREY and CLAY, Circuit Judges; WILLIAMS, District Judge.*

Jerry Carney, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Carney filed a complaint, dated April 5, 2001, against several prison officials (Craven, Huggins, Cross, McKinney, Harville, Moore, Adams, Woods, and Boyette) in their individual and official capacities. Carney then filed a motion for the appointment of counsel, which was denied. The district court liberally construed Carney's complaint as asserting that: 1) the defendants stole his radio during a cell shakedown; 2) he was denied due process at a disciplinary hearing; 3) his segregation cell did not have adequate lighting; 4) Harville harassed him; 5) McKinney and Huggins harassed him; and 6) he was denied medical care. The district court dismissed the first four claims pursuant to

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) for failure to state a claim and the last two claims pursuant to 42 U.S.C. § 1997e(a) for lack of exhaustion of administrative remedies.

Carney has filed a timely appeal. He argues that he did not raise a claim concerning the theft of his radio, but instead raised claims of retaliation for filing a grievance, denial of due process, inadequate lighting, and denial of medical care. He further contends that the district court erred by denying his motion for appointed counsel.

This court reviews de novo a district court judgment dismissing a complaint pursuant to §§ 1915(e)(2), 1915A, or 1997e. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court's judgment must be affirmed.

■ Carney failed to state a claim for retaliation. After Carney filed a grievance against Harville for the confiscation of the radio, Harville, McKinney, and Huggins allegedly harassed him and Harville filed a disciplinary report against him in retaliation. To state a First Amendment claim for retaliation, a plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in part by the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999). "[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Id.* at 395. Carney's grievance did not constitute protected conduct because it was frivolous. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir.2001). He violated a legitimate prison regulation by hiding deadly weapons (homemade knives) in the radio.

He was then convicted of this offense at a disciplinary hearing, and the warden upheld the conviction on appeal.

■ Even if the grievance was not frivolous, he did not state a claim for retaliation in the form of verbal harassment. An inmate has no right to be free from verbal abuse, *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir.1987), and minor threats do not rise to the level of a constitutional violation. *Thaddeus–X*, 175 F.3d at 398. Where a claim is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998). Thus, the district court should have dismissed *with* prejudice Carney's claim that McKinney and Huggins harassed him, despite the lack of exhaustion. As to this portion of the retaliation claim, we modify the district court's judgment to reflect a dismissal with prejudice.

■ Carney failed to state a claim for denial of due process during the disciplinary proceedings following the issuance of the disciplinary report. The right of procedural due process serves to protect a substantive interest, such as a liberty interest, to which an individual has a legitimate claim of entitlement. *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). The interest will be of real substance if the government's action will inevitably affect the duration of an inmate's sentence, *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or if the challenged restraint imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* at 483–84, 115 S.Ct. 2293. Carney did not allege that the stay in disciplinary segre-

gation will affect the length of his sentence, and his fifteen-day stay was too short to be deemed an atypical hardship. *See id.* at 486–87, 115 S.Ct. 2293.

▋ Carney failed to state an Eighth Amendment claim based on inadequate lighting. Although the constitutional requirement of adequate shelter for an inmate includes the provision of adequate lighting, *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir.1985), Carney has not shown that any defendant was deliberately indifferent to his request to fix a faulty light which was producing a strobe-like effect and allegedly causing him headaches and eye pain. *See Farmer v. Brennan*, 511 U.S. 825, 837–47, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Cross did not recklessly disregard Carney, but apparently indicated that a new light bulb was not immediately available, and Carney was ultimately moved to a new cell eleven days after reporting the problem. The defendants, at most, were negligent by not remedying the situation more quickly.

▋ The district court properly dismissed the claim of denial of medical care for lack of exhaustion. Carney appears to have stated a claim for the denial of medical care based on his allegations that he was refused a doctor's appointment for his eye pain, but he did not demonstrate exhaustion of this claim by attaching copies of any grievances or dispositions, or by describing the administrative proceedings with specificity. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). Thus, dismissal was appropriate.

▋ Finally, the district court did not abuse its discretion by denying Carney's motion for the appointment of counsel. *See Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir.1993). Appointment of counsel.

is appropriate only in exceptional cases with complex factual and legal issues. *Id.* at 606. No exceptional circumstances exist in this case.

Accordingly, the district court's judgment is affirmed as modified. Rule 34(j)(2)(C), Rules of the Sixth Circuit.