**Dontay Nicholas MCMANN,**
**Plaintiff–Appellant,**

v.

**David GUNDY, et al., Defendants–**
**Appellees.**

No. 01-2636, 01-2696, 01-2713.

United States Court of Appeals,
Sixth Circuit.

June 17, 2002.

Before DAUGHTREY and CLAY, Circuit Judges; and WILLIAMS, District

Judge.*

## ORDER

Dontay Nicholas McMann, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, McMann sued Warden David Gundy, Deputy Warden Ray Wolfe, Assistant Deputy Warden Robert Szymke, Resident Unit Manager (RUM) Richard Mayor, RUM Bernard Topping, RUM Dennis Abbot, RUM Lonnie Deur, and Assistant RUM Arthur Gale, all members of the Security Classification Committee at Oaks Correctional Facility (Oaks). McMann alleged that the defendants: (1) violated his rights under the Fourteenth Amendment by placing him in administrative segregation for 151 days without a hearing and keeping him in segregation for over three years; and (2) violated his rights under the Eighth Amendment by exposing him to harsh conditions of confinement. The district court granted McMann in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. McMann filed a proposed amended complaint and a motion for reconsideration. The district court rejected the amended complaint and denied the motion. McMann appealed the order that dismissed the case, the order that rejected his proposed amended complaint, and the order that denied his mo-

tion for reconsideration. The appeals have been consolidated.

In his timely appeal, McMann argues that: (1) the duration of his administrative segregation amounted to an atypical and significant hardship; and (2) the district court should have given him an opportunity to amend his complaint.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Initially, we note that McMann does not argue that the district court erred by dismissing his Eighth Amendment claim. Issues raised in the district court but not on appeal are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). Accordingly, we need not address this claim.

Upon review, we conclude that the district court properly dismissed McMann's complaint for failure to state a claim. While awaiting transfer to state prison, McMann assaulted three correctional officers and attempted to escape from the Muskegon County Jail. He was transferred to Oaks on December 22, 1997, and placed in administrative segregation upon his arrival. On May 18, 1998, McMann received a Notice of Intent to Classify to Administrative Segregation. A hearing officer upheld McMann's placement after a hearing, and the defendants continue to review McMann's security status on a bimonthly basis.

 McMann's complaint failed to state a Fourteenth Amendment claim. Placement in administrative segregation does not constitute an atypical and signifi-

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

cant hardship, and thus does not give rise to a protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Mackey v. Dyke,* 111 F.3d 460, 463 (6th Cir.1997); *Rimmer–Bey v. Brown,* 62 F.3d 789, 790–91 (6th Cir.1995). Nor does the duration of McMann's confinement amount to an atypical and significant hardship. McMann was confined in administrative segregation for five months without a hearing. Such a period is not excessive or unusual. *See Jones v. Baker,* 155 F.3d 810, 812 (6th Cir.1998) (two and one-half years); *Griffin v. Vaughn,* 112 F.3d 703, 708 (3d Cir.1997) (fifteen months). McMann remained in administrative segregation thereafter based upon bi-monthly reviews of his status. A prisoner who has assaulted correctional officers and attempted to escape presents an obvious security risk, and courts are loathe to second-guess prison authorities' decisions concerning such matters. *See, e.g., Block v. Rutherford,* 468 U.S. 576, 588, 104 S.Ct. 3227, 82 L.Ed.2d 438 (1984). McMann's continued placement in administrative segregation does not implicate his due process rights.

■ Moreover, even if McMann's confinement implicated due process interests, he received the process to which he was entitled. All that due process requires is periodic review of a prisoner's confinement status to determine whether a prisoner remains a security risk. *Hewitt v. Helms,* 459 U.S. 460, 477 n. 9, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). McMann complained that he was placed in administrative segregation even though he did not violate any Michigan Department of Corrections rules. He does not dispute, however, that he assaulted guards and attempted to escape from a county jail. Because the defendants observed the proper procedural safeguards, McMann's confinement in administrative segregation did not violate his due process rights. *See id.*

McMann's argument that the district court should have permitted him to amend his complaint is without merit. The Prison Litigation Reform Act requires courts to screen and dismiss complaints "even before ... the individual has had an opportunity to amend the complaint." *McGore,* 114 F.3d at 608–09; *see also* 28 U.S.C. § 1915(e)(2). Because the district court properly held that McMann's complaint failed to state a claim, the court did not err by rejecting McMann's amended complaint.

Accepting all of McMann's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998); *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.