NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1190n.06

No.  12-1347

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TERRENCE LEE TAYLOR, ) 
 ) 
 Plaintiff-Appellant, ) 
 ) 
v. ) 
 ) 
JEFF LARSON, Deputy Warden; ) ON APPEAL FROM THE UNITED
MICHAEL CURLEY, Warden, ) STATES DISTRICT COURT FOR
 ) THE WESTERN DISTRICT OF
 Defendants-Appellees. ) MICHIGAN

FILED
*Nov 19, 2012*
DEBORAH S. HUNT, Clerk

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Terrence Lee Taylor, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

Seeking monetary relief, Taylor sued two prison officials, Deputy Warden Larson and Warden Curley, for actions taken after he refused to submit to a DNA test.  Taylor essentially asserted that:  1) Larson ordered him to be shackled while being taken to segregation, in violation of the Eighth Amendment; 2) he was placed in a cell covered with fecal matter and was denied personal items, in violation of the Eighth Amendment; 3) he was denied his legal documents and was not allowed to write to or contact his family, in violation of the First Amendment; and 4) he was in segregation for four days without notice or a hearing, in violation of his due process rights.  The district court dismissed the complaint for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

Taylor filed a timely notice of appeal and thereafter attempted to file an amended complaint. A magistrate judge rejected the pleading. Taylor has nonetheless attached a copy of the amended complaint to his brief. On appeal, Taylor reasserts the claims that he presented to the district court.

As an initial matter, we decline to consider any new claims raised by Taylor. Nor do we consider issues not raised below, except "when the proper resolution is beyond doubt or a plain miscarriage of justice might otherwise result." *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 922 (6th Cir. 2006).

We review the district court's judgment de novo. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *Grinter v. Knight*, 532 F.3d 567, 571–72 (6th Cir. 2008).

Upon review, we conclude that Taylor has stated a claim for an Eighth Amendment violation with regard to his allegations that he was placed in a cell under unsanitary conditions and held there for three days. To state a claim for violation of the Eighth Amendment arising from conditions of confinement, a prisoner must plead (1) that "the failure to protect from risk of harm [was] objectively sufficiently serious," and (2) that "the official acted with deliberate indifference to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (internal quotation marks omitted).

Taylor has satisfied the first element by alleging that he was "placed in a cell covered in fecal matter[] (fresh fecal matter)." We think placing a prisoner in a cell covered with fecal matter for simply questioning why he must submit a DNA sample "falls below the standard of decency that inheres in the Eighth Amendment." *Brown v. Plata*, 131 S. Ct. 1910, 1947 (2011); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (holding that the Eighth Amendment "imposes duties" on prison officials to "provide humane conditions of confinement").

A closer question exists with respect to the second element. Taylor does not clearly allege in his original complaint that the prison officials were aware of the condition in his cell but chose to do nothing about it. *See Farmer*, 511 U.S. at 837 ("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement

unless the official knows of and disregards an excessive risk to inmate health or safety; the offical must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). But in his appellate brief Taylor makes clear that he complained about his conditions and that his complaints were ignored. And in the amended complaint he alleges specifically that "[w]hen I complained to the officer assigned to A-wing about the feces on the wall [and] the urine soaked mattress . . . he replied, 'you shouldn't of came to segregation.'"

This is not a new claim asserted for the first time in the amended complaint, but rather an elaboration on the factual allegations of the original complaint. In view of our duty to read pro se pleadings forgivingly, *see, e.g., Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), we do not think the drafting error in the original complaint should forever doom Taylor's chances of seeking redress for being thrown in a cell covered with feces. Accordingly, we find it proper to consider Taylor's allegations that he complained about the conditions of his confinement and that prison officials ignored his complaint. Having considered these allegations, we find that they satisfy the deliberate-indifference element. We therefore reverse the district court only as to Taylor's claim that his confinement for three days in a cell covered with feces violated the Eighth Amendment.

As to Taylor's remaining claims under the Eighth Amendment, we affirm the district court. First, Taylor did not allege that he suffered any pain from the shackles. Thus, he did not experience more than a *de minimis* use of force and he does not make out an Eighth Amendment violation. *See Hudson v. McMillian*, 503 U.S. 1, 6–7, 9 (1992). Second, the four day lack of toiletries was a temporary condition that did not raise to the level of a constitutional violation. *See Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011).

Taylor failed to state a First Amendment violation. Taylor did not allege that Larson or Curley had personally denied him his legal documents or had forbidden him from writing to his family. The doctrine of respondeat superior does not apply to a section 1983 action to impute

liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691–95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Further, Taylor did not allege that the denial of his legal documents caused any injury to litigation that he was pursuing or contemplating.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Taylor also failed to state a due process claim.  His placement in segregation was brief.  He did not allege that he lost any good-time credits as a result of his segregation or that his placement in segregation would inevitably affect a parole decision.  *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995).  Thus, Taylor was not entitled to notice and a hearing.  *See Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974).

The district court's judgment is reversed and the case remanded for further proceedings concerning Taylor's alleged Eighth Amendment violation regarding the unsanitary conditions of his cell.  The district court's judgment is affirmed in all other respects.