NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0691n.06

No. 17-1262

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MICHAEL LEON POWELL,                         )
                                             )
        Plaintiff-Appellant,                 )
                                             )
v.                                           )    ON APPEAL FROM THE UNITED
                                             )    STATES DISTRICT COURT FOR
HEIDI WASHINGTON, Director, Michigan         )    THE WESTERN DISTRICT OF
Department of Corrections, et al.,           )    MICHIGAN
                                             )
        Defendants-Appellees.                )
                                             )

┌─────────────────────────────┐
│         **FILED**           │
│       Dec 18, 2017          │
│   DEBORAH S. HUNT, Clerk    │
└─────────────────────────────┘

O P I N I O N

BEFORE:     COLE, Chief Judge; MERRITT and BOGGS, Circuit Judges.

PER CURIAM. Michael Leon Powell, a pro se Michigan prisoner, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 civil-rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim for relief. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

On August 13, 2016, while incarcerated at Chippewa Correctional Facility (Chippewa), Powell was issued a Class I misconduct citation for fighting with another inmate and possessing a weapon. Powell had a misconduct hearing before Hearing Officer Theut on August 22, 2016. Theut issued a written report that found Powell guilty of both charges. Theut sanctioned Powell with 20 days of detention and 60 days of loss of privileges, and ordered him to pay $2,374.87 in restitution to reimburse the state for the cost of the other inmate's injuries.

On August 23, 2016, Chippewa's Security Classification Committee (SCC) assigned Powell to administrative segregation without consulting his psychologist, despite being advised by Powell that he was a mental-health patient. Powell advised his mental-health case manager on three different occasions in September 2016 that he was having suicidal thoughts, losing weight, and having trouble sleeping. Powell's case manager did not advise the SCC that his mental health needs could not be met in administrative segregation.

Powell had another review by the SCC on September 21, 2016, and he again complained that the committee was not taking into consideration his mental-health status in confining him in administrative segregation. The committee informed Powell that he would be kept in administrative segregation pending a transfer to another security level 2 facility. On September 26, 2016, Powell filed a grievance alleging that the SCC violated the applicable policy by ignoring his psychiatric needs by confining him in administrative segregation. His grievance was denied the next day. On October 4, 2016, Powell was transferred into administrative segregation at Oaks Correctional Facility (Oaks).

While at Oaks, Powell continued to complain that he was having suicidal thoughts and trouble sleeping and was losing weight. The medical staff failed to advise the SCC that administrative segregation was adversely affecting his mental health. Additionally, the water to Powell's cell block was shut off every night between 12:00 a.m. and 6:30 a.m. Powell was unable to drink water or flush the toilet during this time. Powell had reviews of his status with the SCC on October 13 and October 27, 2016 and was advised that he was in administrative segregation because he was involved in a fight and possessed a weapon.

Powell was transferred back to Chippewa on November 1, 2016. Powell filed a new grievance concerning the alleged unauthorized removal of funds from his trust account.

Defendant LaLounde, the officer who investigated Powell's grievance, allegedly said to Powell that he "hasn't learned [his] lesson about filing grievances" and that was why he was going to be transferred back to Oaks. On November 15, 2016, Powell was transferred back to Oaks and remained in administrative segregation. Powell had no working light in his cell from November 15, 2016 to December 20, 2016. Because of the lack of light and the prison staff's failure to give him cleaning supplies, Powell was unable to properly clean his cell. Powell continued to complain without result about the adverse effect that administrative segregation was having on his mental health. The prison staff refused to give Powell more than ten sheets of writing paper per month. Powell had SCC reviews on November 29, 2016 and January 17, 2017 and was informed that he was not going to be returned to the prison's general population because he stabbed another inmate.

In January 2017, Powell filed a § 1983 complaint against Heidi Washington, the Director of the Michigan Department of Corrections (MDOC), and numerous other MDOC officials, wardens, corrections officers, and employees, asserting claims for an assortment of alleged constitutional violations. First, Powell claimed that all of the defendants subjected him to atypical and significant hardship in administrative segregation and therefore violated his right to due process. Second, Powell claimed that Hearing Officer Theut violated his right to due process by failing to give him 24-hour notice of the disciplinary charges against him. Third, Powell claimed that defendants Woods, Isard, Miller, LaLounde, and Dunton retaliated against him for filing grievances by transferring him to long-term administrative segregation. Fourth, Powell claimed that defendants Mackie, Sharp, Ball, Majerczyk, Kenison, Mucha, Thomas, Weaver, Singleton, Bush, Rademaker, and Shelton were deliberately indifferent to his need for life's minimal necessities. And fifth, Powell claimed that defendants Washington, Osier,

McKee, Woods, Mackie, Isard, Miller, Dunton, LaLounde, Thomas, Chapman, Majerczyk, Kenison, Mucha, Weaver, Ball, and Sharp were deliberately indifferent to his serious psychiatric needs. Powell sought compensatory and punitive damages, injunctive relief, and an award of costs.

The district court granted Powell's motion to proceed in forma pauperis, screened Powell's complaint pursuant to §§ 1915 and 1915A, and concluded that Powell failed to state any claims for relief. The district court concluded that Theut was entitled to absolute judicial immunity for damages on Powell's due process claim and that § 1983 precluded Powell's claim for injunctive relief against Theut. The district court determined that the complaint failed to make any factual allegations against defendants Washington, McKee, and Osier and held that they could not be held liable under § 1983 on a respondeat superior theory. The district court found that the complaint failed to allege facts showing that defendants Woods and Mackie engaged in any unconstitutional behavior. The district court held that Powell failed to state a claim for a due-process violation because his detention in administrative segregation did not impose an atypical and significant hardship, he received sufficient procedural protections during his disciplinary hearing, and he received sufficient periodic reviews of his confinement in administrative segregation. The district court concluded that Powell's retaliation claim failed because a transfer from administrative segregation in one institution to administrative segregation in another institution is not an adverse action. The district court held that Powell's claim concerning the conditions of his confinement failed because he experienced only temporary deprivations that did not result in any physical injuries. Finally, the district court concluded that Powell's claim that the defendants were deliberately indifferent to his serious psychiatric needs failed because the complaint shows that he had regular contact with mental-

health professionals and that the claim amounted to no more than a complaint that the defendants refused to release him from administrative segregation.

The district court therefore dismissed Powell's complaint. Powell's timely appeal followed.

We review de novo the district court's dismissal of a prisoner's complaint pursuant to §§ 1915(e)(2) and 1915A. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). These two statutes require the court to review a prisoner's complaint and dismiss any portion that is frivolous, fails to state a claim for relief, or seeks money damages from a defendant who is immune from such relief. *See id*; 28 U.S.C. §§ 1915(e)(2), 1915A(b). To survive dismissal under §§ 1915(e)(2) and 1915A, the complaint must contain sufficient factual matter, accepted as true, to state a plausible claim for relief. *See Hill*, 630 F.3d at 471.

Prison disciplinary hearing officers in Michigan function as judicial officers and therefore are entitled to absolute judicial immunity from suit under § 1983. *See Shelly v. Johnson*, 849 F.2d 228, 229-30 (6th Cir. 1988). The district court therefore correctly concluded that Hearing Officer Theut was entitled to immunity from damages on Powell's due process claim. The district court also correctly determined that § 1983 bars Powell's claim for injunctive relief against Theut. *See* 42 U.S.C. § 1983 (prohibiting injunctive relief "against a judicial officer for an act or omission taken in such officer's judicial capacity").

The district court correctly concluded that the complaint failed to allege any facts demonstrating the personal involvement of defendants Washington, McKee, and Osier (all officers of the MDOC) in any of the alleged constitutional violations and that they cannot be held liable under § 1983 on a respondeat superior theory of liability. *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016). The district court also correctly concluded that the complaint

failed to allege any facts demonstrating that defendant wardens Woods and Mackie engaged in unconstitutional behavior. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) ("[W]e need not accept as true any conclusory legal allegations that do not include specific facts necessary to establish the cause of action.").

Confinement in administrative segregation implicates an inmate's liberty interest in state-imposed discipline, protected by due process, if the confinement imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *See Harden-Bey v. Rutter*, 524 F.3d 789, 792 (6th Cir. 2008). The court should consider the nature of the confinement and its duration in determining whether it imposes an atypical and significant hardship. *See id.* at 793. If it does impose such a hardship, the inmate is entitled to periodic reviews of his status to ensure that the decision to continue his confinement in administrative segregation is supported by "some evidence." *See Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (quoting *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)).

Powell had been confined in administrative segregation for about six months at the time he filed his complaint, and he had five SCC reviews during that time. The SCC justified Powell's continued detention in administrative segregation by citing his physical confrontation with an inmate and possession of a weapon. Powell's six-month confinement in administrative segregation is insufficient to constitute an atypical and significant hardship and therefore does not implicate his due process rights. *Cf. Williams v. Lindamood*, 526 F. App'x 559, 562-64 (6th Cir. 2013) (sixteen months in administrative segregation with monthly reviews insufficient); *McMann v. Gundy*, 39 F. App'x 208, 209-10 (6th Cir. 2002) (five months in administrative segregation insufficient). In any event, Powell received periodic reviews of his status, and despite his conclusory claim that his reviews were perfunctory, the hearing officer's

determination that Powell fought with another inmate and possessed a weapon provided some evidence to support his continued detention in administrative segregation. Thus, even if a protected liberty interest were implicated, Powell received all of the process to which he was entitled. *Cf. Jones v. Raye*, No. 12-6568, 2014 WL 10319865, at *2 (6th Cir. June 3, 2014) (prisoner's assault of two corrections officers provided some evidence to support his two-and-a-half-year detention in administrative segregation); *McMann*, 39 F. App'x at 210 (prisoner's assault of corrections officer and attempted escape justified five-month placement in administrative segregation).

Powell also claims that his due-process rights were violated because he did not receive 24-hour notice of the charges against him before his disciplinary hearing. Due process requires that the prisoner receive written notice of the charges against him at least 24 hours before the hearing, an opportunity to call witnesses and present documentary evidence in his defense, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). The documents that Powell filed with his complaint show that he was cited for misconduct on August 13, 2016, that his disciplinary hearing was originally scheduled for August 15, 2016, and that the hearing actually took place on August 22, 2016. Thus, Powell's claim that he did not receive sufficient notice before the hearing is refuted by his own documentation. To the extent that Powell's due-process claim is based on the hearing officer's imposition of a restitution obligation, MDOC regulations authorize restitution for Class I misconduct. *See* Mich. Dep't of Corr. Policy Directive No. 03.03.105, Attachment D (Disciplinary Sanctions). MDOC regulations also permitted the deduction of funds from Powell's account without further notice because the hearing officer

imposed a restitution order as a sanction for his misconduct.  *See* Mich. Dep't of Corr. Policy Directive No. 04.02.105(T).

Powell failed to state a First Amendment retaliation claim because his transfer from administrative segregation in one institution to administrative segregation in another institution was not an adverse action sufficient to deter a person of ordinary firmness.  *See Friedmann v. Corr. Corp. of Am.*, 11 F. App'x 467, 470-71 (6th Cir. 2001) (collecting cases).  To the extent that LaLounde's statement to Powell that Powell was being transferred to Oaks because he filed a grievance was a threat, as opposed to a statement of fact, it was not an adverse action because the complaint does not reflect that there were foreseeable aggravating circumstances associated with the transfer.  *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 358 (6th Cir. 2006).  Although Powell's complaint indicates that the conditions specific to his cell at Oaks were worse than those at Chippewa, the applicable regulations show that Michigan has a uniform set of conditions that govern administrative segregation in all of its institutions.  *See* Mich. Dep't of Corr. Policy Directive No. 04.05.120.  Powell's transfer from Chippewa to Oaks therefore was not an adverse action.

In order to state a claim that prison conditions violate the Eighth Amendment, the prisoner must plead facts showing that he has been subjected to deprivations so serious that he was deprived of the "minimal civilized measure of life's necessities" and that prison officials acted wantonly, with deliberate indifference to his serious needs.  *Richmond v. Settles*, 450 F. App'x 448, 454-55 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The prisoner must allege "extreme deprivations" to state an Eighth Amendment conditions-of-confinement claim.  *See Harden-Bey*, 524 F.3d at 795.  Allegations of temporary inconveniences

are insufficient to state a claim. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Powell's complaint shows that most of the deprivations he experienced were not extreme and were no more than temporary inconveniences. Depriving an inmate of drinking water for an extended period of time can constitute an Eighth Amendment violation. *See id.* at 512 (inmate was deprived of drinking water for three straight days). At worst, however, Powell did not have drinking water for about six overnight hours when inmates typically would be asleep, and therefore he did not suffer an extreme deprivation of water. *Cf. Richmond*, 450 F. App'x at 455 (denial of running water for six days did not violate the Eighth Amendment). While it was offensive to Powell that he was unable to flush the toilet until the water supply was restored every morning, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987); *see also Lamb v. Howe*, 677 F. App'x 204, 209-10 (6th Cir. 2017) (inmate's four-hour exposure to human waste due to flooded toilet water insufficient to state Eighth Amendment violation); *Dellis*, 257 F.3d at 511 (flooded cell and inoperable toilet were temporary inconveniences that did not violate Eighth Amendment).

Although Powell claims that he was not given appropriate cleaning supplies, his complaint fails to demonstrate that he was forced to live in inhumane conditions. *Cf. Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (prisoner who alleged that he was placed in a cell covered in fecal matter and forced to remain there for three days sufficiently stated a claim under the Eighth Amendment). In addition, writing paper is not a basic necessity of life; therefore, limiting Powell to ten sheets of paper per month was not an Eighth Amendment violation. *See*

*Walker v. Mintzes*, 771 F.2d 920, 926 (6th Cir. 1985) (stating that the basic needs of life are adequate food, clothing, shelter, sanitation, medical care, and personal safety).

On the other hand, the alleged deprivation of adequate lighting in Powell's cell for thirty-five days is sufficiently extreme to state an Eighth Amendment claim. In *Carney v. Craven*, we held that the constitutional requirement of adequate shelter for a prisoner includes the provision of adequate lighting. 40 F. App'x 48, 51 (6th Cir. 2002) (citing *Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985)). In reaching this holding, we cited the Ninth Circuit's decision in *Hoptowit*, which held that the Eighth Amendment was violated where, as here, substandard lighting caused eye strain when reading and hindered the prisoner's efforts to clean his cell. 753 F.2d at 783; *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (noting that deficient lighting in cell making it difficult to read and hurting prisoner's eyes may violate the Eighth Amendment).

Assuming the truth of the allegations, as we must, Powell has shown that the defendants were deliberately indifferent to his repeated requests to fix the faulty lighting in his cell. In response to his initial request, Singleton informed Powell that the maintenance staff would fix the light "after they had their lunch break," but they never returned. (Compl., R. 1, PageID #14, ¶ 34.) Although Powell renewed his request one week later, the maintenance staff did not even attempt to fix the light during three later visits to his cell block. No reason was provided for the nearly three-week delay after his initial request before his light was finally fixed. *Cf. Carney*, 40 F. App'x at 51 (finding that prison officials were not deliberately indifferent to a request to fix a faulty light where the prisoner was informed that a new light bulb was not immediately available and he was moved to a new cell eleven days after reporting the problem). Accordingly,

the district court improperly dismissed Powell's deliberate-indifference claim based on the inadequate lighting in his cell.

Finally, Powell claims that the defendants were deliberately indifferent to his psychiatric or psychological needs by continuing to confine him in administrative segregation despite his complaints that it was causing his mental health to deteriorate. Powell has not alleged that he sustained a physical injury that resulted from his confinement in administrative segregation; therefore, he cannot recover damages for any psychological injury he allegedly suffered from his detention. *See Harden-Bey*, 524 F.3d at 795-96 (citing 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.")). Moreover, Powell's complaint shows that he received visits from mental health counselors while he was in administrative segregation and that he was prescribed medication to treat his mental disorders. The complaint indicates no more than Powell's disagreement with the conclusion of his institution's mental-health staff that his needs could be adequately addressed in administrative segregation, and it therefore fails to state a deliberate-indifference claim. *See Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (stating that "a desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim").

Accordingly, we **AFFIRM** in part and **REVERSE** in part the district court's judgment, and remand for further proceedings consistent with this opinion.